IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2003

## SAMUEL PEGUES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-02-22     Roy Morgan, Jr., Judge**

_____

**No. W2002-01296-CCA-R3-PC  - Filed July 29, 2003**

_____

The Appellant, Samuel Pegues, appeals the Madison County Circuit Court's dismissal of his petition for post-conviction relief.  Pegues was convicted of second degree murder and received a sentence of twenty-one and one-half years.  On appeal, the single issue presented for our review is whether Pegues was denied the effective assistance of counsel.  Following a review of the record, we affirm the judgment of the post-conviction court dismissing the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the Appellant, Samuel Pegues.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Helena Walton Yarbrough, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

The Appellant was convicted by a Madison County jury of second degree murder and was sentenced to twenty-one and one-half-years imprisonment. The Appellant's conviction was affirmed on direct appeal. *See State v. Samuel Pegues*, No. W1999-01865-CCA-R3-CD (Tenn. Crim. App. at Jackson, Oct. 11, 2000), *perm. to appeal denied*, (Tenn. 2001).  On January 23, 2002, the Appellant filed a petition for post-conviction relief, alleging that he received ineffective assistance

of counsel.[1]  The proof underlying the Appellant's conviction established that he and his girlfriend, the victim, maintained a volatile relationship for several years.  On this occasion, the Appellant and the victim were visiting at a friend's house, when again a violent argument ensued.  Both had been drinking beer throughout the day. The Appellant admitted that he shot the victim with his pistol but only after she "rushed" at him with a steak knife.   In reviewing the sufficiency of the evidence on direct appeal, this court summarized the proof as follows:

> The [deceased] victim was observed in the kitchen near a bedroom area.  There was an overturned chair in the kitchen, an overturned vacuum cleaner in the living room, a torn curtain in the kitchen, and various knives and forks on the floor of the kitchen. A small right-handed 'paring type knife' was found lying on the kitchen floor, a small knife was found lying on the living room floor near the entrance to the kitchen, and a butcher knife was found lying just inside the bedroom area off the kitchen.
>
> . . .
>
> There was no dispute that the [Appellant] shot and killed [the victim].  The State established that [the victim] was shot from a distance of three feet or more.  There was also proof that the [Appellant] carried a pistol, that he had displayed the pistol that evening, and that he ultimately shot the victim once with the pistol.  The [Appellant] then left the location of the shooting and placed the weapon between two pieces of plywood.  Although he sought help for [the victim], the [Appellant] did not admit at first that he shot her.  He told Ms. Fuller that she was having a heart attack. A rational jury could have concluded from this evidence that the [Appellant] was reasonably certain when he shot [the victim] that her death would be the result of the gunshot.  Thus, the evidence was sufficient to support the conviction for second degree murder.

*Samuel Pegues,* No. W1999-01865-CCA-R3-CD.

At the conclusion of the evidentiary hearing, the post-conviction court dismissed the Appellant's petition, finding that no relief was warranted.  This appeal followed.

## ANALYSIS

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing by clear and convincing evidence, the allegations set forth in his petition. Tenn. Code Ann. § 40-30-210(f) (1997).  The Appellant's claim of ineffectiveness of counsel, in its entirety, follows:

---

[1]In the Appellant's post-conviction petition he also raised three additional issues, and the State addressed those issues in it's brief.  However, the post-conviction court found that these issues were either previously determined or waived, and counsel for the Appellant did not object to the State's motion to deny those grounds without a hearing. Accordingly, we will only address the single issue presented by the Appellant for review.

It is the Petitioner's position that [trial counsel], being educated in the law and having the power of persuasion, should have clearly advised him that his (sic) was in his best interest to take the State's offer of Voluntary Manslaughter with the term of six years, Range I, 30% as opposed to going to trial for Second Degree Murder. It is the Petitioner's position that [trial counsel] could have influenced him strongly to take this offer. The Petitioner avers that he was not clear as to the difference between Second Degree Murder and Voluntary Manslaughter. Further, he feels as though [trial counsel] put the issue of self defense in front of the Voluntary Manslaughter offer. Petitioner feels that under the facts and circumstances of this case that if [trial counsel] would have used his power of persuasion as an educated lawyer to convince him that to take the offer would eliminate the risk of going to trial on a self defense theory and possibly getting a guilty verdict that he would have taken the Voluntary Manslaughter offer. It is Mr. Pegues' position that had [trial counsel] exercised reasonable duty and care in advising him that he would have taken the Voluntary Manslaughter Offer.

The Appellant fails to provide this court with any legal authority in support of his argument. Accordingly, this issue is waived. Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b). Nonetheless, in the interest of justice, we elect to review the issue presented.

To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

In the present case, the State made an offer of a six-year sentence to be served at 30% in exchange for the Appellant's guilty plea to voluntary manslaughter. This offer was declined by the Appellant, and he proceeded to trial. After his jury conviction for second degree murder, he received a sentence of twenty-one and one-half years to be served at 100%. The Appellant argues that trial counsel was ineffective because he did not persuade him to plead guilty. Furthermore, at the post-conviction hearing, the Appellant contended that trial counsel failed to adequately explain the sentencing range for second degree murder. The Appellant asserts that had he understood the sentencing ranges for second degree murder and voluntary manslaughter, he would have accepted the offer instead of going to trial. After review, the post-conviction court, concluding that the Appellant received the effective assistance of counsel, found as follows:

[T]he Court finds that [trial counsel] provided the assistance required under the Constitution of the United States and the State of Tennessee. Specifically the Court finds:

> A. Counsel obtained all discovery and discussed the discovery and facts of the case with the defendant/petitioner.
>
> B. Counsel discussed the terms of the plea bargain offered by the State.
>
> C. Counsel made numerous visits with the defendant/petitioner.
>
> D. Counsel did explain the penalty range that the defendant/petitioner was facing under the indictment.
>
> E. Counsel properly discussed the defendant/petitioner's options of going to trial and taking the State's plea offer. The defendant/petitioner therefore made an informed and knowing decision to proceed with a trial.

At the post-conviction hearing, trial counsel testified that he did review the State's offer with the Appellant and the sentencing ranges of second degree murder and the lesser included offenses if he proceeded to trial. The post-conviction court found that trial counsel "was very explicit as to going over the plea bargain offer by the State. . . ." Trial counsel testified that he explained to the Appellant the "difference in second degree and lesser offenses if convicted of second degree, particularly the difference of being convicted of second degree and what was on the table." Furthermore, trial counsel met with the Appellant on numerous occasions and reviewed with him the strengths and weaknesses of the case. The post-conviction court noted, "[Trial counsel] was very explicit as to his numerous visits with this Defendant, his effort in investigating the case in great detail, finding witnesses on behalf of the Defendant. He worked very hard, the best I could tell, from his testimony." The post-conviction court obviously credited the testimony of trial counsel that he informed the Appellant of the State's offer and the possible sentences the Appellant could receive if he proceeded to trial. Because we do not revisit the issue of credibility on appeal, we defer to the post-conviction court's ruling in that regard. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Moreover, there is no constitutional right of an accused to plea bargain, and there is no duty of the government to engage in plea negotiations. *Joseph Lance Risner v. State*, No. E2002-01112-CCA-R3-PC (Tenn. Crim. App. at Knoxville, June 30, 2003) (citing 22 C.J.S. *Criminal Law* § 366 (1989)). We conclude that the record fully supports the finding of the post-conviction court that the Appellant has not proven by clear and convincing evidence that he was inadequately advised as to the possible punishment for second degree murder if he proceeded to trial. Therefore, this issue is without merit.

## CONCLUSION

Based upon the foregoing, we find that the post-conviction court did not err in ruling that the Appellant received the effective assistance of counsel. Accordingly, the judgment of the post-conviction court is affirmed.

_____
DAVID G. HAYES, JUDGE